McDONALD, J.,
concurring.
I join in the judgment, but not in the Court’s opinion. The basis for reversing the conviction in this case boils down to Mr. Yancey’s absence from a bench conference with one juror during voir dire of the jury panel. The rationale is that a defendant is entitled to advise his attorney whether he wishes to have a potential juror struck from the jury, whether for cause or not, and it is therefore important for the defendant to have an “adequate opportunity to gain a good perception of the potential juror[ ].” Bedford v. State, 317 Md. 659, 673-74, 566 A.2d 111 (1989).[1] The Court holds that the error was not harmless because Mr. Yancey was not immediately present when Juror 220, who had previously responded to a question in open court, briefly responded to three questions in a colloquy at the bench with counsel and was ultimately seated on the jury.
*632 I would be willing to find harmless error if the record were clear that Mr. Yancey, who presumably had already observed Juror 220 in open court, had an opportunity to consult with defense counsel following the bench conference with her — Mr. Yancey had unused peremptory challenges available at the end of the voir dire process and could have struck Juror 220 if he had any concern about her based on his absence from the bench conference and had an opportunity to communicate that concern to his counsel.

. Defense counsel stated a different rationale for his objection in the trial court. His objection was based on the perception that members of the jury panel would have of Mr. Yancey if he were permitted to come to the bench ("... creates a very different moral atmosphere when he's allowed to come up to the bench ... it d[oes] make them think of the person as being less dangerous ...'') rather than on Mr. Yancey’s perception of members of the jury panel.
It is also notable that this Court’s disapproval of the jury selection process in Bedford was based in large part on the fact that the procedure in that case hampered the ability of the defendant to communicate confidentially with his counsel about potential jurors. In any event, although disapproving the procedure used in that case in dicta, the Court explicitly did not conclude that it was reversible error. 317 Md. at 675, 566 A.2d 111.